UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RODNEY HARRISON, § | |
| BOP No. 97729-280, § | |
| § | |
| Movant, § | |
| § | |
| v. § | CAUSE NO. SA-16-CA-944-XR |
| § | [SA-12-CR-464(1)-XR] |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## ORDER OF DISMISSAL

The matter before the Court is Movant Rodney Harrison's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and memorandum in support, both filed September 19, 2016 (ECF nos. 129 & 130). For the reasons set forth below, Movant is not entitled any relief from his sentence under § 2255 and is not entitled to a Certificate of Appealability from this Court.

Background

On May 9, 2012, a federal grand jury indicted Movant on one count of conspiracy to possess with intent to distribute more than 28 grams of cocaine base and one count of aiding and abetting the possession with intent to distribute of 28 or more grams of cocaine base (ECF no. 3). On July 2, 2012, movant entered a guilty plea to the conspiracy count before the Magistrate Judge as part of a plea agreement in which movant waived his right to appeal and the government agreed to recommend a three-level downward adjustment in movant's offense level for acceptance of responsibility (ECF nos. 41, 42, & 58 ¶ 4). This Court accepted the Magistrate Judge's recommendation that movant's guilty plea be accepted (ECF no. 49). Movant's Pre-

Sentence Investigative Report ("PSIR") reported that movant had two prior convictions for possession with intent to deliver a controlled substance which, together with this offense, rendered movant a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1(a) & (b) (ECF no. 58 ¶¶ 9, 22, 29-32, 59-60).  On October 10, 2012, this Court sentenced movant to serve a 120-month term of incarceration, to be followed by a 4-year term of supervised release (ECF nos. 65 & 69).  Movant appealed, arguing, in part, the government had breached his plea agreement by seeking to have him sentenced as a career offender.  In an unpublished opinion issued June 13, 2014, the Fifth Circuit held the government had not breached movant's plea agreement and upheld movant's waiver of his right to appeal.  *United States v. Harrison*, 538 F. App'x 510 (5th Cir. June 13, 2014), *cert. denied*, 134 S. Ct. 947 (2014).

On January 4, 2016 (ECF no. 117), movant filed a motion to reduce his sentence pursuant to the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In an Order issued March 3, 2016 (ECF no. 121), this Court dismissed as frivolous and for want of jurisdiction movant's motion for relief under *Johnson*, explaining movant's sentence was enhanced under §4B1.1 of the federal Sentencing Guidelines based upon movant's multiple prior convictions for a controlled substance offense, not based upon his prior conviction for a crime of violence, and movant's two prior felony convictions for controlled substance offenses, not based upon any prior conviction for a crime of violence.

Motion to Vacate

On September 19, 2016, Movant filed a motion pursuant to 28 U.S.C. § 2255 premised upon the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), made

retroactive by the Supreme Court's holding in *Welch v. United States*, 136 S. Ct. 1257 (2016), and a memorandum in support seeking a reduction in his sentence.

Standard of Review

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides as follows: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Section 2255 provides relief for a convicted federal criminal defendant who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir.), *cert. denied*, 133 S. Ct. 1282 (2013); *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994); 28 U.S.C. § 2255(a).

Not all complaints about a sentence may be brought initially through a Section 2255 motion. Section 2255 relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have

been reached by a direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Payne*, 99 F.3d at 1281; *United States v. Seyfert*, 67 F.3d at 546. "Nonconstitutional claims that could have been raised in a direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Payne*, 99 F.3d at 1281.

A defendant may not raise an issue, regardless of whether constitutional or jurisdictional in nature, for the first time on collateral review without showing both "cause" and "actual prejudice" resulting from the error. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Cervantes*, 132 F.3d at 1109; *United States v. Gaudet*, 81 F.3d at 589.

<u>Analysis</u>

For the same reasons discussed at length in this Court's Order issued March 3, 2016 (ECF no. 121), Movant's motion to vacate, set aside, or correct sentence is legally frivolous. Movant's motion to vacate argues the Supreme Court's recent opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders his sentencing as a career offender unconstitutional. Movant misperceives the nature and scope of the Supreme Court's holding in *Johnson*, which held unconstitutionally vague the residual clause of the Armed Career Criminal Act ("ACCA"), i.e., 18 U.S.C. § 924(e)(2)(B). The residual clause of the ACCA defined as a "violent felony," for which an enhanced sentence was authorized, crimes which (1) had as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) included burglary, arson, and extortion, involved the use of explosives, *or otherwise involved conduct that presented a serious potential risk of physical injury to another.* The Supreme Court narrowly held the highlighted portion of the definition of "violent felony" was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. at 2557-59. Nothing in the Supreme Court's reasoning in

*Johnson* casts any doubt on the constitutionality of the remaining portion of the ACCA's definition of "violent felony."

In contrast, movant was not charged or sentenced pursuant to the ACCA's residual clause. Instead, movant was sentenced in conformity with Section 4B1.1 of the federal Sentencing Guidelines, which, at the time of movant's sentencing, provided in pertinent part as follows: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or *a controlled substance offense*; and (3) the defendant has at least two prior felony convictions of either a crime of violence or *a controlled substance offense*." (USSG § 4B1.1(a) (*Emphasis added*)). The Sentencing Guidelines provided further as follows: "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (of a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." (USSG § 4B1.2(b)).

Movant's instant offense of conviction was a controlled substance offense for purposes of the relevant provisions of the Sentencing Guidelines, as were movant's prior state convictions in cause nos. 1998-CR-2844 and 1998-CR-6031 for possession with intent to deliver a controlled substance. Thus, regardless of whether movant's other state criminal conviction for "deadly conduct" qualified as a "crime of violence" under the Sentencing Guidelines, movant still qualified as a "career offender" under the Guidelines because his instant offense of conviction

5

was a controlled substance offense and he had previously been convicted of at least two other controlled substance offenses. Movant's arguments regarding *Johnson* do not warrant relief under § 2255.

Certificate of Appealability

Before a movant may appeal the denial of a motion to vacate sentence filed under Section 2255, the movant must obtain a Certificate of Appealability ("CoA"). *Hohn v. United States*, 524 U.S. 236, 239-40 (1998); 28 U.S.C. §2253(c)(1)(B). Appellate review is limited to the issues on which a CoA is granted. *See Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues), *cert. denied*, 543 U.S. 893 (2004). This Court is authorized to address the propriety of granting a CoA *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A CoA will not be granted unless the movant makes a substantial showing of the denial of a constitutional right. *Hohn v. United States*, 524 U.S. at 240. To make such a showing, the movant need *not* show that he will prevail on the merits but, rather, must demonstrate reasonable jurists could debate whether (or, for that matter, agree) the motion should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1985). "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In a case in which the movant wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default or limitations, the movant must show

jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.

Viewed in proper context, there is no basis for disagreement among jurists of reason with regard to this Court's summary dismissal of Movant's § 2255 motion. Movant was sentenced as a career offender based upon his prior convictions for controlled substance offenses. His sentence was not impacted in any manner by the residual clause of the ACCA struck down by the Supreme Court in *Johnson*. Movant is not entitled to a CoA in this case.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**.

2. Movant's § 2255 motion, filed September 19, 2016 (ECF no. 129), is **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3. Movant is **DENIED** a Certificate of Appealability**.**

4. Movant's motion, filed September 19, 2016 (ECF no. 128) to withdraw his previous motion to reduce sentence, which Court dismissed on March 3, 2016, is **DISMISSED** as moot.

SIGNED this 5th day of October, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE